IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| TERENCE SOHLER, *etc.* | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 14-cv-02863-PAB |
| WHITING PETROLEUM CORP., *et al.*, | )<br>)<br>) |
| Defendants. | ) |

___

**MOTION OF DEFENDANTS WHITING PETROLEUM CORPORATION
AND 1007695 B.C. LTD. TO DISMISS COMPLAINT**
___

Defendants Whiting Petroleum Corporation and 1007695 B.C. Ltd.[1] move to dismiss the plaintiff's complaint as to them, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

The plaintiff asserts in Count III of his complaint that Whiting aided and abetted the Individual Defendants' alleged breaches of fiduciary duties. (Compl. ¶¶ 107-08.) This is the only claim asserted against Whiting, which joins in the Kodiak Defendants' motion to dismiss and its reasoning. As there shown, the complaint does not sufficiently allege a breach of fiduciary duty; Whiting cannot be liable for aiding and abetting acts that are not themselves actionable.

___

[1] Whiting caused 1007695 B.C. Ltd. (called in the complaint "Acquiror Canadian Sub") to be formed as a wholly-owned British Columbia subsidiary, for the purpose of acquiring the Kodiak shares. There is no suggestion, nor could there be one, that 1007695 B.C. Ltd. has played any other role. Further, on December 8, 2014, as a result of completion of the proposed transaction, 1007695 B.C. Ltd. amalgamated with Kodiak and no longer exists as a separate entity. For these reasons, references will be made only to Whiting, except as otherwise necessary for clarity.

The aiding and abetting claim fails independently because the complaint does not plausibly allege facts in support of the essential elements of this cause of action, as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Conclusory allegations do not suffice to defeat a motion to dismiss, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Under Colorado law, which applies in this diversity action to the claim against Whiting,[2] the elements of liability for aiding and abetting a breach of fiduciary duty include (1) knowing participation in the breach of a fiduciary duty owed by another to the plaintiff; (2) giving substantial assistance to the other's breach; and (3) damages. *Nelson v. Elway*, 971 P.2d 245, 249-50 (Colo. App. 1998) (citing *Holmes v. Young*, 885 P.2d 305, 308 (Colo. App. 1994), and Restatement (Second) of Torts § 876(b) (1977)). "Knowing" conduct for purposes of aiding and abetting "requires actual knowledge and is not satisfied by reckless or negligent conduct." *Sender v. Mann*, 423 F. Supp. 2d 1155, 1176 (D. Colo. 2006). "Substantial assistance" requires that "the secondary party proximately caused the violation, or . . . that the encouragement or assistance be a substantial factor in causing the tort." *Id.* (quoting *Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 537 (6th Cir. 2000)). Count III of the complaint fails because it does not sufficiently allege that Whiting (1) acted "knowingly" or (2) proximately caused or was a substantial factor in an alleged breach of fiduciary duty.

---

[2] *See generally Klaxon Co. v. Stentor Elec. Mfg. Co*, 313 U.S. 487, 496 (1941) (federal court must apply conflict of law rules of state in which it sits); *AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 510 (Colo. 2007) (Colorado follows "most significant relationship to the occurrence and parties" test of Rest. (2d), Conflict of Laws, § 145 (1971) in tort cases). The plaintiff contends that Whiting aided and abetted the Kodiak directors' alleged breach of fiduciary duty. Colorado law defines the elements of the aiding and abetting claim asserted against Whiting, but the underlying tort — breach of fiduciary duty — is defined by Canadian law (as described in the Kodiak Defendants' motion to dismiss).

The plaintiff does not allege any facts demonstrating that Whiting "knowingly" participated in any alleged breach of fiduciary duty by the Kodiak directors. The complaint simply contains a conclusory statement that "Whiting . . . colluded in or aided and abetted the Individual Defendants' breaches of fiduciary duties, and were active and knowing participants in the Individual Defendants' breaches of fiduciary duties. . . ." (Compl. ¶ 107.) This allegation does not suggest that Whiting knew that the Kodiak directors were engaged in improper conduct. *See Holmes, supra*, 885 P.2d at 308 (defendant must be aware of his role in "illegal or tortious activity at the time that he provides the assistance"). In sum, the plaintiff has not sufficiently alleged the "actual knowledge" required by Colorado law. *See Sender*, 423 F. Supp. 2d at 1176.

Likewise, the plaintiff does not allege that Whiting provided "substantial assistance" to the Kodiak directors in their alleged breaches of fiduciary duty. The plaintiff alleges only in conclusory fashion that Whiting "aided and abetted the Individual Defendants' breaches." (Compl. ¶ 107.) Stripped of its hollow rhetoric, the complaint only describes the basic fact — Whiting made a successful offer to acquire Kodiak. As a matter of law, this is insufficient to establish aiding and abetting liability. *See, e.g., Mandelbaum v. Fiserv, Inc.*, 787 F. Supp. 2d 1226, 1242 (D. Colo. 2011) (allegations that defendants "knew" of breaches of fiduciary duty and "materially assisted" them failed to satisfy *Twombly* and were dismissed); *see also In re NYMEX S'holder Litig.*, 2009 WL 3206051, at *12 (Del. Ch. Sept. 30, 2009) (allegation that aiding and abetting defendants were aware of director defendants' breaches of fiduciary duty and "actively and knowingly encouraged and participated in said breaches in order to obtain the substantial financial benefits" of the acquisition is "precisely the sort of conclusory allegation that failed to state an aiding and abetting a breach of fiduciary duty claim . . . .").

Indeed, it was the duty of Whiting and its officers —*their* fiduciary duty to *their* shareholders — to get the best deal possible. The complaint is far too barebones to accuse Whiting of anything, but if it does contain an "accusation" against Whiting it is that it bargained to buy Kodiak too cheaply. Obviously, there is nothing wrong with that. For this reason, courts have rejected claims that a buyer aids or abets a breach of fiduciary duty by the other side's directors by driving a hard bargain. *See Dent v. Ramtron Int'l Corp.*, C.A. No. 7950-VCP, 2014 WL 2931180, at *18 (Del. Ch. June 30, 2014) (dismissing an aiding and abetting claim that alleged the acquiring company essentially "got too good a deal."). *See also Morgan v. Cash*, 2010 WL 2803746, at *4 & n.38 (Del. Ch. July 16, 2010) ("bidder's attempt to reduce the merger price through arm's-length negotiations cannot give rise to liability for aiding and abetting"); *Boudinot v. Shrader*, 2012 WL 489215, at *10 (S.D.N.Y. Feb. 15, 2012) ("'a bidder's attempts to reduce the sale price through arm's-length negotiations' . . . 'cannot give rise to liability for aiding and abetting. . . .'").

## CONCLUSION

Count III of the complaint, the aiding and abetting claim against Whiting and its subsidiary, fails to state a claim upon which relief can be granted and should be dismissed.

January 5, 2015,

                Respectfully submitted,

                FOLEY & LARDNER LLP

                *s/ Thomas L. Shriner, Jr.*
                Thomas L. Shriner, Jr.
                777 East Wisconsin Avenue
                Milwaukee, Wisconsin 53202-5306
                Phone: (414) 297-5601
                Fax: (414) 297-4900
                tshriner@foley.com

and

WELBORN SULLIVAN MECK & TOOLEY, P.C.
Keith D. Tooley
Samuel S. Bacon
1125 17th Street, Suite 2200
Denver, Colorado  80202
(303) 830-2500
ktooley@wsmtlaw.com
sbacon@wsmtlaw.com

*Attorneys for Defendants Whiting Petroleum Corporation and 1007695 B.C. Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5th, 2015, I caused a true and correct copy of the foregoing document to be filed and served via the CM/ECF system. Notification of such filing will be sent to the following email addresses:

Danielle S. Myers, Esq.
Robbins Geller Rudman & Dowd, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
dmyers@rgrdlaw.com

Kip Brian Shuman, Esq.
The Shuman Law Firm
885 Arapahoe Avenue
Boulder, CO 80302
kip@shumanlawfirm.com

Dorsey & Whitney LLP
Case L. Collard, Esq.
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
collard.case@dorsey.com

Dorsey & Whitney LLP
Peter W. Carter, Esq.
Shannon L. Bjorklund, Esq.
South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
carter.peter@dorsey.com
bjorklund.shannon@dorsey.com

*s/ Thomas L. Shriner, Jr.*